1

2

3

4

5  UNITED STATES DISTRICT COURT

6  EASTERN DISTRICT OF WASHINGTON

7  HEATHER R.,

8  Plaintiff,     NO. 4:22-CV-5064-TOR

9  v.            ORDER GRANTING DEFENDANT'S
               MOTION FOR SUMMARY
               JUDGMENT
10 COMMISSIONER OF SOCIAL
   SECURITY,

11
               Defendant.
12

13     BEFORE THE COURT are the parties' cross-motions for summary

14 judgment (ECF Nos. 11, 15).  These matters were submitted for consideration

15 without oral argument.  The Court has reviewed the administrative record and is

16 fully informed.  For the reasons discussed below, Plaintiff's Motion for Summary

17 Judgment (ECF No. 11) is **DENIED,** and Defendant's Motion for Summary

18 Judgment (EFC No. 15) is **GRANTED**.

19                    **JURISDICTION**

20     The Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 1

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: The Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158–59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An "error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* at

1115 (citation omitted).  The party appealing the ALJ's decision generally bears

the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396,

409–10 (2009).

## FIVE STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within

the meaning of the Social Security Act.  First, the claimant must be unable "to

engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which

has lasted or can be expected to last for a continuous period of not less than 12

months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's

impairment must be "of such severity that [he or she] is not only unable to do [his

or her] previous work[,] but cannot, considering [his or her] age, education, and

work experience, engage in any other kind of substantial gainful work which exists

in the national economy."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to

determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §§

404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).  At step one, the Commissioner

considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i),

416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the

Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work

activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work").  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience.  *Id.*  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On May 30, 2017, Plaintiff filed applications for Title II and Title XVI benefits, alleging an onset date of March 17, 2017. Tr. 18, 463–488. The applications were denied initially, Tr. 187–224, and again on reconsideration, Tr. 225–266. A hearing was held on August 19, 2019. Tr. 77–123. The ALJ determined Plaintiff was disabled on June 13, 2019. Tr. 284–285. On June 30, 2020, the Appeals Counsel remanded the case. Tr. 294–296.

On January 19, 2021, a second hearing was held before an ALJ. Tr. 124–162. On April 7, 2021, the ALJ found Plaintiff not disabled. Tr. 12–38. On March 25, 2022, the Appeals Council denied review (Tr. 1–6), making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 20 C.F.R. §§ 404.981, 416.1481, 422.210.

As a threshold matter, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through March 31, 2020. Tr. 18. At step

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6

one of the sequential evaluation, the ALJ found Plaintiff had not engaged in substantial gainful activity since March 17, 2017, the alleged onset date. *Id*. At step two, the ALJ found Plaintiff had the following severe impairments: ischemic stroke, lumbar degenerative disc disease, obesity, mild cognitive impairment, anxiety disorder, depression, post-traumatic stress disorder, and panic disorder. *Id*. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 20. The ALJ then found Plaintiff had a residual functional capacity to perform light work with the following limitations:

> [S]he can lift and/or carry up to 10 pounds frequently and 20 pounds occasionally; she can stand and/or walk for one hour at a time and six hours total in an eight-hour day; she can sit up to six hours in an eight-hour day; she can never crouch, crawl, or climb ladders, ropes, or scaffolds; she can occasionally stoop, kneel and climb flights of stairs; she can frequently handle, finger, and feel objects with the dominant right hand; she should avoid excessive vibration and unprotected heights; she can perform only simple, routine, unskilled tasks; and she could tolerate only occasional and superficial interaction with the public and co-workers.

Tr. 22.

At step four, the ALJ found Plaintiff was able to perform past relevant work as a medical secretary. Tr. 29. The ALJ made an alternative finding at step five, considering Plaintiff's age, education, work experience, and RFC, that there were other jobs that existed in the significant numbers in the national economy that

Plaintiff could perform, such as garment sorter and mail clerk.  Tr. 30–31.  The

ALJ concluded Plaintiff was not under a disability, as defined in the Social

Security Act, from March 17, 2017, the alleged onset date, through April 12, 2021,

the date of the ALJ's decision.  Tr. 31.

## ISSUES

1.  Whether the ALJ properly considered Plaintiff's medically determinable

impairments at step two;

2.  Whether the ALJ properly considered Plaintiff's severe impairments at

step three;

3.  Whether the ALJ properly considered Plaintiff's subjective symptom

testimony;

4.  Whether the ALJ properly weighed the medical opinions; and

5.  Whether the ALJ properly conducted an analysis at steps four and five.

## DISCUSSION

## I.    Step Two

Plaintiff contends the ALJ failed to properly consider her medically

determinable impairment of right carpal tunnel syndrome at step two.  ECF No. 11

at 16–17.

At step two of the sequential process, the ALJ must determine whether a

claimant suffers from a "severe" impairment, i.e., one that significantly limits her

physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). To show a severe impairment, the claimant must first prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. §§ 404.1521, 416.921.

An impairment may be found non-severe when "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work . . . ." Social Security Ruling (SSR) 85-28, 1985 WL 56856, at *3. Similarly, an impairment is not severe if it does not significantly limit a claimant's physical or mental ability to do basic work activities, which include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; seeing, hearing, and speaking; understanding, carrying out and remembering simple instructions; responding appropriately to supervision, coworkers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1522, 416.922; *see also* SSR 85-28.

Step two is "a de minimis screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citation omitted). "Thus, applying our normal standard of review to the requirements of step two, [the Court] must determine whether the ALJ had substantial evidence to find that the

medical evidence clearly established that [Plaintiff] did not have a medically severe impairment or combination of impairments." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).

The ALJ found Plaintiff's carpal tunnel syndrome causes no more than a minimal effect on her ability to perform basic work-related activities for a period of 12 months or more.  Tr. 18.  The ALJ noted Plaintiff complained of right thumb and finger numbness in December 2017, had an EMG in January 2018 that showed results consistent with carpal tunnel syndrome, and underwent release surgery in February 2018.  Tr. 19.  The ALJ found that following the surgery, Plaintiff reported numbness disappeared as of April 2018 and reported "doing well" in August 2018, where Plaintiff was thereafter released from ongoing carpal tunnel treatment.  *Id.*  The ALJ's finding is supported by substantial evidence.

Additionally, the ALJ considered non-severe impairments in the RFC.  Tr. 20–23.  As a result, any error would be harmless because the step was resolved in Plaintiff's favor and the ALJ considered Plaintiff's non-severe limitations when considering Plaintiff's RFC.  *Burch v. Barnhart*, 400 F.3d 676, 682–83 (9th Cir. 2005) (finding harmless error where the ALJ failed to identify an impairment as severe at step two but accounted for the impairment at step five).

## II.    Step Three

Plaintiff contends the ALJ erred at step three by failing to conduct an

1  adequate analysis that finds Plaintiff meets or equals Listings 12.04, 12.06, and

2  12.15.  ECF No. 9 at 11.

3       For "paragraph B" criteria, Listings 12.04, 12.06, and 12.15 require that the

4  claimant show an extreme limitation in one, or marked limitation in two, of the

5  following functional areas: (1) Understand, remember, or apply information, (2)

6  Interact with others; (3) Concentrate, persist, or maintain pace; and (4) Adapt or

7  manage oneself.  20 C.F.R. Pt. 404, Subpt P, App. 1, § 1200.  To satisfy the

8  "paragraph C" criteria for Listings 12.04, 12.06, and 12.15, the claimant must

9  show that the disorder(s) are "serious and persistent" and there must be "a

10  medically documented history of the existence of the disorder over a period of at

11  least 2 years, and evidence that satisfies the criteria in both C1 and C2."  *Id.*  Here,

12  the ALJ considered the Listings at issue and found Plaintiff did not satisfy the

13  requirements of either criteria.  Tr. 21–22.

14       Plaintiff generally asserts that when the mental health treatment records and

15  opinions are considered, she should be determined disabled.  ECF No. 11 at 17.

16  The ALJ found Plaintiff has a moderate limitation in understanding, remembering,

17  or applying information; interacting with others; concentrating, persisting, or

18  maintaining pace; and adapting or managing oneself.  Tr. 21.  In supporting these

19  findings, the ALJ found Plaintiff engages in a wide variety of activities of daily

20  living to suggest a moderately active individual with sufficient concentration and

attention to complete at least simple and routine-work like tasks. *Id.* The ALJ noted Plaintiff worked on a part-time basis after the alleged onset date, where Plaintiff demonstrated good cognitive abilities, reminded her clients what they needed to do, drove clients to appointments, ran errands for the clients, and worked as a bartender where she moved a lot and was busy serving customers. *Id.* (citations to the record omitted). The ALJ noted Plaintiff denied difficulty with activities of daily living, where she could utilize her tablet for hours every day, do yardwork, and interact with others during a night on the town. *Id.* (citations to the record omitted). Finally, the ALJ found providers assessed Plaintiff with only a mild cognitive impairment, and mental status examinations were generally within normal limits. *Id.* As discussed further below, the ALJ found Diane Hanks, FNP, opinion rating Plaintiff with marked and extreme limitations unpersuasive. Tr. 21–22. The ALJ also found the evidence fails to establish the presence of the "paragraph C" criteria. Tr. 22. As discussed further below, the ALJ found Ms. Holben's findings unpersuasive and found the objective findings throughout the record was not supportive of her assessment. *Id.* Substantial evidence supports the ALJ's conclusion, no harmful error has been shown.

### III.    Plaintiff's Symptom Testimony

Plaintiff contends the ALJ failed to offer clear and convincing reasons for rejecting Plaintiff's subjective complaints. ECF No. 11 at 18–21.

An ALJ engages in a two-step analysis to determine whether a claimant's subjective symptom testimony can be reasonably accepted as consistent with the objective medical and other evidence in the claimant's record.  Social Security Ruling ("SSR") 16-3p, 2016 WL 1119029, at *2.  "First, the ALJ must determine whether there is 'objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'"  *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)).  "The claimant is not required to show that her impairment 'could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom.'"  *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection."  *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted).  General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims.  *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently

explain why he or she discounted claimant's symptom claims). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

The ALJ is instructed to "consider all of the evidence in an individual's record," "to determine how symptoms limit ability to perform work-related activities." SSR 16-3p, 2016 WL 1119029, at *2. When evaluating the intensity, persistence, and limiting effects of a claimant's symptoms, the following factors should be considered: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and (7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. *Id.* at *7–8; 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

Here, the ALJ found Plaintiff's impairments could reasonably be expected to cause some of the alleged symptoms. Tr. 23. However, the ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of those

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

1  symptoms were not entirely consistent with the evidence.  Tr. 23–24.

2  *1.  Objective Medical Evidence*

3  Plaintiff challenges the ALJ's finding that Plaintiff's symptom testimony

4  was not supported by the objective medical evidence.  ECF No. 11 at 19–20.

5  Objective medical evidence is a relevant factor, along with the medical

6  source's information about the claimant's pain or other symptoms, in determining

7  the severity of a claimant's symptoms and their disabling effects.  20 C.F.R. §§

8  404.1529(c)(2); 416.929(c)(2).  However, an ALJ may not discredit a claimant's

9  symptom testimony and deny benefits solely because the degree of the symptoms

10  alleged is not supported by objective medical evidence.  *Id.*

11  The ALJ found the objective medical evidence did not support the level of

12  limitation Plaintiff claimed.  Tr. 22.  Regarding Plaintiff's mid to low back pain,

13  the ALJ noted a chiropractor did not assess her with any specific limitations, a

14  January 2019 lumbar MRI showed no definite nerve root compromise or

15  significant spinal stenosis, an October 2020 MRI showed a bilateral facet effusions

16  at L3-4 and L4-5 but with the same mild retrolisthesis and no central stenosis,

17  Plaintiff demonstrated normal gait and negative Romberg sign but had positive

18  straight-leg raising test on the right, and a November 2020 lumbar x-ray showed

19  mild anterolisthesis of L3 on L4 with translational motion between flexion and

20  extension, suggesting segmental instability.  Tr. 25–26 (citations to the record

omitted).

Regarding mental health symptoms, the ALJ found that mental status examinations were generally within normal limits. Tr. 21 (citations to the record omitted). The ALJ found also Plaintiff reported a slight decrease in trauma symptoms and was able to move about her home with less fear and anxiety. Tr. 26. Finally, the ALJ noted that symptoms of loneliness and depression waxed and waned over the years relating to life events such as a death of a close friend, a car accident, and the pandemic. *Id.*

Regarding stroke and memory-related symptoms, the ALJ found the month after the stroke Plaintiff indicated low-average to average memory scores. Tr. 24. The ALJ noted the evidence does not support headaches as a severe impairment. *Id.* Plaintiff reported only mild memory impairment in September 2018, but denied headaches, dizziness, numbness, tingling, and weakness in October 2018. Tr. 24–25.

The ALJ's findings are supported by substantial evidence. Plaintiff's own interpretation of the record cannot overturn the ALJ's conclusions. "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch*, 400 F.3d at 679 (citation omitted). Even if this were error, any error is harmless because the ALJ considered other factors beyond the objective medical evidence. *Vertigan v. Halter*, 260 F.3d 1044, 1050

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 16

1  (9th Cir. 2001).

2          2.  *Work History*

3        Plaintiff challenges the ALJ's finding that Plaintiff's part-time employment

4  with accommodations discredited her testimony.  ECF No. 11 at 20.

5        When considering evidence, an ALJ may consider information regarding

6  claimant's work record.  20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).  Work

7  history, including part-time work, is a valid consideration in assessing the severity

8  of symptoms.  *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020).

9        The ALJ found Plaintiff's part-time work during the relevant period

10  contradicted her level of symptoms.  The ALJ noted Plaintiff was able to

11  demonstrate good cognitive abilities while working where she was able to remind

12  her clients what they needed to do, drive them to appointments, and run errands for

13  them.  Tr. 21.  The ALJ also noted Plaintiff's activities as a bartender during the

14  relevant period demonstrated she moved a lot and was busy serving customers.  *Id.*

15  While Plaintiff asserts she missed or left work early, the ALJ discounted this based

16  on her work performance and daily activities, and found there was no evidence she

17  would be unable to sustain work activity in a reasonably consistent manner.  *Id.*

18  The ALJ's finding is supported by substantial evidence.

19          3.  *Daily Activities*

20        Plaintiff challenges the ALJ's finding that Plaintiff's symptom testimony

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 17

1    conflicted with her daily activities.  ECF No. 11 at 20.

2         A claimant's daily activities is a relevant factor in assessing a claimant's

3    symptoms.  20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).  An adverse credibility

4    finding is warranted if (1) Plaintiff's activities contradict other testimony, or (2)

5    Plaintiff "is able to spend a substantial part of [her] day engaged in pursuits

6    involving the performance of physical functions that are transferable to a work

7    setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citation omitted).

8         The ALJ found Plaintiff's daily activities suggest she is not as limited as

9    alleged.  Tr. 24.  First, the ALJ noted Plaintiff used her tablet for hours every day

10   despite claiming headaches limit her ability to use a computer.  *Id.*  Second, the

11   ALJ noted Plaintiff denied difficulty with daily activities.   Tr. 21 (citations to the

12   record omitted); 24.  Finally, the ALJ noted Plaintiff attended a funeral, went out

13   with friends after taking a Xanax, exercised by walking, pruned trees with her right

14   hand, and visited a neighbor.  *See* Tr. 24–26.  The ALJ's finding that Plaintiff's

15   daily activities conflicted with her reported level of symptoms is a reasonable

16   interpretation of the record and is supported by substantial evidence.

17        **IV.    Medical Opinion Evidence**

18        Plaintiff contends the ALJ failed to properly consider the medical opinion

19   evidence of Howard Shapiro, MD, Mark Johnson, PT, Shao Choy, ARNP, Heather

20   Holben, MS, LMHC, and Diane Hanks, ARNP, FNP.  ECF No. 11 at 8–16.  As an

initial matter, for claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence. 20 C.F.R. §§ 404.1520c, 416.920c; *see also Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017). The ALJ applied the new regulations because Plaintiff filed her Title II and XVI applications after March 27, 2017. Tr. 26.

Under the new regulations, the ALJ will no longer "give any specific evidentiary weight . . . to any medical opinion(s)." *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844-01, 5867–68. Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant, specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" including but not limited to "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c)(1)–(5), 416.920c(c)(1)–(5).

1    The ALJ is required to explain how the most important factors,

2  supportability and consistency, were considered.  20 C.F.R. §§ 404.1520c(b)(2),

3  416.920c(b)(2).  These factors are explained as follows:

> (1) *Supportability*.  The more relevant the objective medical evidence and
> supporting explanations presented by a medical source are to support his
> or her medical opinion(s) or prior administrative medical finding(s), the
> more persuasive the medical opinions or prior administrative medical
> finding(s) will be.
>
> (2) *Consistency*.  The more consistent a medical opinion(s) or prior
> administrative medical finding(s) is with the evidence from other medical
> sources and nonmedical sources in the claim, the more persuasive the
> medical opinion(s) or prior administrative medical finding(s) will be.

10  20 C.F.R. §§ 404.1520c(c)(1)–(2), 416.920c(c)(1)–(2).

11    The ALJ may, but is not required to, explain how "the other most persuasive

12  factors in paragraphs (c)(3) through (c)(5)" were considered.  20 C.F.R. §§

13  404.1520c(b)(2); 416.920c(b)(2).  However, where two or more medical opinions

14  or prior administrative findings "about the same issue are both equally well-

15  supported . . . and consistent with the record . . . but are not exactly the same," the

16  ALJ is required to explain how "the most persuasive factors" were considered.  20

17  C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

18    These regulations displace the Ninth Circuit's standard that require an ALJ

19  to provide "specific and legitimate" reasons for rejecting an examining doctor's

20  opinion.  *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022).  As a result, the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 20

1  ALJ's decision for discrediting any medical opinion "must simply be supported by

2  substantial evidence." *Id.*

3      *1.  Howard Shapiro, MD*

4      Dr. Shapiro testified at Plaintiff's 2019 hearing, opining Plaintiff could stand

5  one hour at a time and walk one hour at a time for a total of six hours.  Tr. 26.  Dr.

6  Shapiro opined Plaintiff could lift and carry up to 10 pounds but had no

7  manipulative limits, could climb ramps and stairs for at least one flight with

8  appropriate railing, could not climb ladders or scaffolds, should avoid machinery

9  due to dizziness, could occasionally bend, stoop, crawl, and squat but could not

10  balance walking effectively on uneven ground.  *Id.*

11      The ALJ found Dr. Shapiro's opinion partially persuasive.  *Id.*  The ALJ

12  noted Dr. Shapiro has specialized expertise in internal medicine, is familiar with

13  Social Security regulations, and had the opportunity to review much of the medical

14  record.  *Id.*  Regarding supportability, the ALJ found the longitudinal record does

15  not support Dr. Shapiro's testimony that Plaintiff could only lift and/or carry 10

16  pounds where Plaintiff recovered upper extremity strength following her stroke

17  and had good recovery from the carpal tunnel surgery.  *Id.* (citations to the record

18  omitted).  The ALJ also found that while Plaintiff has a lumbar impairment that

19  reduces lifting and carrying to light exertion, this record does not support Dr.

20  Shapiro's limitation to sedentary exertion.  *Id.*  Regarding consistency, the ALJ

1    also found that subsequent records indicate Plaintiff routinely showed no focal

2    neurological deficits and demonstrated a normal gait, normal reflexes, no tremor,

3    normal strength, and normal sensation.  *Id.* (citations to the record omitted).

4    Finally, the ALJ found noted reliance on Dr. Shapiro's prior opinion, with the

5    amended finding that the opinion regarding Plaintiff's inability to walk on uneven

6    ground or balance effectively unsupported due to the infrequent nature of the

7    vertigo symptoms.  *See* Tr. 1 –20.

8          The ALJ's finding is supported by substantial evidence.

9          *2.  Mark Johnson, PT*

10          Mr. Johnson opined Plaintiff could tolerate prolonged sitting up to 30

11   minutes at a time, carry up to 14 pounds at a distance of 50 feet, stand for up to 30

12   minutes, and climb 24 stairs with the use of a handrail.  Tr. 27.

13          The ALJ found Mr. Johnson's opinion partially persuasive.  *Id.*  The ALJ

14   found Mr. Johnson was relying on Plaintiff's self-limitations, which Plaintiff

15   claimed was due to lower back pain.  The ALJ found Plaintiff's self-limitations

16   raised questions as to what her optimal performance may have been.  *Id.*  In

17   contrast, the ALJ found Dr. Shapiro and Dr. LaVallie's opinions regarding

18   standing and walking more persuasive, with Dr. Shapiro's opinion including

19   greater detail and is more consistent with the objective findings in the record.  *Id.*

20   The ALJ's finding is supported by substantial evidence.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 22

### 3. Shao Choy, ARNP

Ms. Choy opined Plaintiff was limited to sedentary exertion. Tr. 27. The ALJ found Ms. Choy's opinion unpersuasive. The ALJ found Ms. Choy did not provide any explanation for her opinion and found that notes from Plaintiff's treating providers contradict Ms. Choy's opinion, as they support Plaintiff's ability work in a non-sedentary position as a caregiver. *Id.* The ALJ noted the opinions of Sarabjit Atwal, M.D. and Mamie Mitscha, ARNP, who both opined Plaintiff was able to work in the non-sedentary position as a caregiver. *Id.* (citations to the record omitted). The ALJ's finding is supported by substantial evidence.

### 4. Heather Holben, MS, LMHC

Ms. Holben opined Plaintiff had diagnoses of PTSD, agoraphobia with panic disorder, dysthymic disorder, and depersonalization-derealization disorder. Tr. 28. Ms. Holben further opined Plaintiff was unable to leave her home for several days, several times a year due to domestic violence triggers, and that the "chronic and unpredictable nature of [her] mental health issues prevent her from maintaining a structured, consistent work schedule." *Id.* In January 2021, Ms. Holben also opined Plaintiff would likely be "off-task and unproductive" over 30 percent of a full-time work schedule due to "the chronic and severe nature of [the claimant's] physical and mental issues, she will likely never be capable of working, even part time." Tr. 29.

1    The ALJ found Ms. Holben's opinions unpersuasive. Tr. 22, 28. The ALJ

2    found Ms. Holben's ratings internally inconsistent. Tr. 22. While the ALJ

3    acknowledged Ms. Holben had a long treatment relationship with Plaintiff, the ALJ

4    noted Ms. Holben did not provide any objective basis for her opinions or

5    diagnoses. Tr. 29. The ALJ found other records were inconsistent to her opinions.

6    *Id.* Moreover, the ALJ found Ms. Holben's January 2021 report contained issues

7    reserved to the Commissioner, provided an opinion on physical limitations that she

8    is not medically trained to offer, and that the statements are inconsistent with the

9    other medical source opinions regarding Plaintiff's mental capacity. Tr. 29. The

10   Court notes Plaintiff does not challenge two opinions regarding Plaintiff's mental

11   limitations that the ALJ found persuasive. Tr. 27–28. The ALJ's finding is

12   supported by substantial evidence.

13      *5.  Diane Hanks, ARNP, FNP*

14   Ms. Hanks opined Plaintiff had numerous marked limitations and two severe

15   limitations and found Plaintiff would be off-task over 30 percent of a workweek,

16   and a likelihood of missing four or more days of work per month. Tr. 28.

17   The ALJ found Ms. Hank's opinion not persuasive. The ALJ noted Ms.

18   Hanks' opinion was similar to Ms. Holben's, which the ALJ properly discounted,

19   and was inconsistent with the overall record. Tr. 28. The ALJ also found Ms.

20   Hanks offered no explanation for her limitations. *Id.* The ALJ found the

1    conclusions were not supported by Plaintiff's activities of daily living that included

2    working during the relevant period and the largely normal mental status exams

3    contained.  *Id.*  The ALJ's finding is supported by substantial evidence.

4    **V.    Steps Four and Five**

5    Plaintiff contends the ALJ erred in relying vocational expert testimony that

6    was made "in response to an incomplete hypothetical."  ECF No. 11 at 21.

7    "The ALJ is not bound to accept as true the restrictions presented in a

8    hypothetical question propounded by a claimant's counsel."  *Magallanes v. Bowen*,

9    881 F.2d 747, 756 (9th Cir. 1989) (internal citation omitted).  Moreover, an ALJ

10    may also "reject restrictions in a hypothetical question that are not supported by

11    substantial evidence."  *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001).

12    The ALJ may rely on a vocational expert's response to a hypothetical that contains

13    all limitations supported by substantial evidence.  *Bayliss v. Barnhart*, 427 F.3d

14    1211, 1218 (9th Cir. 2005).

15    Plaintiff argues the ALJ should have accepted the hypothetical limitations

16    Plaintiff deemed accurate.  However, the ALJ's finding discrediting the level of

17    limitations claimed by Plaintiff is supported by substantial evidence, as discussed

18    *supra*.  The ALJ did not err in relying on the hypothetical that incorporated the

19    limitations the ALJ found credible.

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 25

1

## CONCLUSION

2    Having reviewed the record and the ALJ's findings, this Court concludes the

3    ALJ's decision is supported by substantial evidence and free of harmful legal error.

4    **ACCORDINGLY, IT IS HEREBY ORDERED:**

5    1.  Plaintiff's Motion for Summary Judgment (ECF No. 11) is **DENIED**.

6    2.  Defendant's Motion for Summary Judgment (ECF No. 15) is

7        **GRANTED**.

8    The District Court Executive is directed to enter this Order and Judgment

9    accordingly, furnish copies to counsel, and **CLOSE** the file.

10    DATED January 11, 2023.

11



12    THOMAS O. RICE
United States District Judge

13

14

15

16

17

18

19

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 26